IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel., HAROLD M. TATE,<br><br>    Plaintiff,<br><br>vs.<br><br>HONEYWELL, INC.,<br><br>    Defendant. | No. CIV 96-0098 PK/LFG |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Honeywell's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) filed October 24, 2001 (Doc. 78). Upon consideration thereof,

(1) Defendant Honeywell argues that Counts I, II, and III of the Plaintiff's Second Amended Complaint (Doc. 60) should be dismissed because they fail to meet the particularity requirement of Federal Rule of Civil Procedure 9(b).

(2) Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This

heightened pleading requirement applies to actions brought under the False Claims Act. See United States ex rel. Schwartz v. Coastal Healthcare Group Inc., 232 F.3d 902, 2000 WL 1595976. *3 (10th Cir. Oct. 26, 2000)(unpublished decision); United States ex rel. Clausen v. Laboratory Corp. of America, Inc., 290 F.3d 1301, 1308-09 (11th Cir. 2002); Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001); United States ex rel. Russell v. Epic Healthcare Management Group, 193 F.3d 304, 308 (5th Cir 1999); Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783-84 (4th Cir. 1999); United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc., 149 F.3d 227, 234 (3d Cir. 1998); Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476-77 (2d Cir. 1995). Indeed, courts "must be particularly attentive to the heightened pleading requirement in a case brought under the False Claims Act since the Act carries heavy penal consequences." United States v. Cheng, 184 F.R.D. 399, 401 (D.N.M. 1998).

(3) The purpose of Rule 9(b) is "to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based...." Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997). The circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the

false representations, as well as the identity of the person making the representations and the consequences thereof. Id. Rule 9(b) must be applied in conjunction with the commands of Rule 8, Id., which requires a "short and plain statement" of the case, supported by "simple, concise, and direct" allegations. Fed. R. Civ. P. 8.

(4) The complaint involves the role of Honeywell Defense Avionics Systems Division ("DAS") in providing flat panel glass displays ("glass displays") for the F-16 aircraft. Relator's Second Amended Complaint offers significantly more than "[m]ere conclusory allegations of falsity." Grossman v. Novell, Inc., 120 F.3d 1112, 1124 (10th Cir. 1997). Relator alleges that certain classifications and calculations do not conform with accounting standards prescribed by the government and known to Honeywell. The complaint identifies specific forms where the misclassification of the glass displays appears and describes in detail specific costs inappropriately omitted from subsequent calculations. Relator claims that consequently, *every* progress payment request, invoice, and public voucher submitted to the United States, from the date that work on the F-16 contract began until the work on the contract ended, were knowingly overstated.

(5) Relator's Second Amended Complaint (Doc. 60) meets the pleading

requirements prescribed by Federal Rules of Civil Procedure 8 & 9(b).

(6) Defendant Honeywell argues that Count I of Plaintiff's Second Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because it pleads inconsistent factual allegations within a single claim. Relator's claim in paragraph 20 of the Second Amended Complaint that "even if" the glass displays were correctly classified as a major subcontract item, subsequent omissions of indirect costs resulted in fraudulent submissions to the government, is not sufficiently inconsistent to warrant dismissal under Rule 12(b)(6). See Fed. R. Civ. P. 8(e)(2).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that Honeywell's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) filed October 24, 2001 (Doc. 78) is DENIED.

DATED this 9th day of July 2002, at Santa Fe, New Mexico.

/s/ Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Victor R. Ortega and Andrew R. Montgomery, Montgomery & Andrews, P.A., Santa Fe, New Mexico; Anton R. Valukas and Edward F. Malone, Jenner & Block, LLC, Chicago, Illinois; and Jessie K. Liu, Jenner & Block, LLC, Washington, D.C., for Defendant.

Maureen A. Sanders and Duff Westbrook, Sanders & Westbrook, P.C., Albuquerque, New Mexico, and Nancy Hollander and John Boyd, Freedman Boyd Daniels Hollander Goldberg & Cline, P.A., Albuquerque, New Mexico for Relator.